JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
TIMOTHY J. SEARIGHT (SBN 151387)
Assistant United States Attorney
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3749
    E-mail: Timothy.Searight@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>JESUS FELIX-ALVAREZ,<br><br>       Defendant. | No. CR 12-527-GW<br><br>GOVERNMENT'S MEMORANDUM OF POINTS AND AUTHORITIES RE: ATTORNEY CONFLICT AND APPOINTMENT OF SECOND COUNSEL.<br><br>[Hrg: None Scheduled.] |

The government, by and through its counsel of record, Assistant United States Attorney Timothy J. Searight, hereby files point and authorities re: attorney conflict and appointment of counsel.

Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

/S/

DATED: February 10, 2025

_____
TIMOTHY J. SEARIGHT
Assistant United States Attorney
Attorney for Plaintiff

**POINTS AND AUTHORITIES**

Defendant Jesus Felix-Alvarez has filed a series of documents under seal.  (CR 1103, 1104, 1105, 1106.)  The government is uncertain of the exact nature of the documents and filings.  The government has consulted with defendant's counsel, Richard Raynor, Esq., and he has indicated that the documents pertain to a request for the Court to appoint a second counsel in the case, Mark Windsor, Esq.

Mr. Windsor was previously appointed to represent a co-defendant in the case, Antonio Akira Tomatani.  (CR 74.)  Defendant Tomatani previously entered a guilty plea and was sentenced on August 25, 2014.  (CR 539.)

In this case, defendant Alvarez is charged in Count Two of the indictment with participating in a Continuing Criminal Enterprise ("CCE") in violation of Title 21, United States Code, Section 846.  (CR 4.)  An element of the offense is that the government establish that defendant was a manager or supervisor of five and more persons in the commission of a narcotics conspiracy.  See, Ninth Cir. Jury Instr. 12.17 (2022 Ed.)  In previous filings in 2024, defendant requested further information as to the five or more persons over whom the government believed defendant was acting as a manager or supervisor.  (CR 1072.)  The government responded, in a bill of particulars filed on October 22, 2024, that co-defendant Antonio Akira Tomatani, previously represented by Mr. Windsor, was one of the

2

five and more persons, and provided substantial information about defendant Tomatani.  The government stated:

> Antonio Akira Tomatani ("Akira") – Akira is the brother of Ichiro, and a co-defendant in the case. During the investigation, Ichiro observed law enforcement in Los Angeles, and he went to Mexico where he remained for a period of time. Akira took over many of the drug activities for Ichiro. In the wiretap intercepts, Akira's screen name was "Civic," and the discovery materials provided to defendant are organized under this name. They can be found primarily at Bates 6335, et seq. In messages, Ichiro frequently addresses Akira as "bro," "brother," or some other variant of brother. In the messages, Ichiro gives direction to Akira after receiving information from defendant.

(CR 1091.)

The government is not privy to the reasons stated in the under seal filing as to why Mr. Windsor, in particular, wishes to be appointed to represent defendant Alvarez.  The government would note, however, that there has not been a co-counsel appointed for any other defendant in the case, and the government has stated that it expects a jury trial to last approximately one week.  California Rules of Professional Conduct 1.7 and 1.9, read together, state that a lawyer may not represent a client in the same matter in which the lawyer represented a former client without obtaining written consent from the former and current client.  The government assumes that such written approval has been obtained.

The government believes, however, that if a further counsel needs to be appointed to represent defendant at all, to avoid any appearance of conflict, or the emergence of conflict during trial, a

more appropriate action would be to appoint counsel entirely unrelated to the case.

4