# EXHIBIT B

ANDRÉ BIROTTE JR.
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
LIZABETH A. RHODES
Assistant United States Attorneys
California Bar Number:   155299
    14th Floor United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6681/3541
    Facsimile: (213) 894-0142
    E-Mail:   lizabeth.Rhodes@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING (1) THE INTERCEPTION OF ELECTRONIC COMMUNICATIONS; (2) THE INSTALLATION AND USE OF A PEN REGISTER AND A TRAP AND TRACE DEVICE AND (3) THE ACQUISITION OF PRECISE LOCATION INFORMATION FROM GLOBAL POSITIONING SYSTEM | CR Misc. No. 10-205 <br><br> GOVERNMENT'S SUPPLEMENTAL BRIEFING RE: ELECTRONIC INTERCEPTION <br><br> (UNDER SEAL PURSUANT TO 18 U.S.C. § 2518(8)) |

I.    PROCEDURAL BACKGROUND

On July 1, 2010, the government filed an application and proposed order seeking, among other things, to intercept electronic communications from three Subject Accounts, which were further defined in the government's submission.

On July 8, 2010, this Court held a hearing as to the government's submission and specifically questioned whether the government would intercept "stored" emails or whether there would

EXHIBIT B

be contemporaneous interception. The court further questioned whether it had the power to issue an order as the one presented by the government in light of the definitions in 18 U.S.C. Section 2510. The Court then indicated that it would do some research on the issue and government counsel also indicated it would attempt to address the Court's query.

II.  <u>ARGUMENT</u>

While nothing in the statute requires contemporaneous interception of wire or electronic interception, the case law surrounding <u>wire</u> communications seems to have inferred it. However, given the technological differences, the statutory language, legislative history and need for protection of electronic communications, the Court should not require strict compliance with contemporaneity when dealing with email.

Historically, case law dealing with stored communications that have been in storage for some period of time, have held that accessing them does not fall under the wiretap act. <u>Steve Jackson Games, Inc. v. United States Secret Service</u>, 36 F.3d 457, 460-63 (5th Cir. 1994) (access to stored email communications); <u>Konop v. Hawaiian Airlines, Inc.</u>, 302 F.3d 868, 876-79 (9th Cir. 2002) (website); <u>United States v. Steiger</u>, 318 F.3d 1039, 1047-50 (11th Cir. 2003) (files stored on hard drive); <u>United States v. Mercado-Nava</u>, 486 F. Supp. 2d 1271, 1279 (D. Kan. 2007) (numbers stored in cell phone); <u>United States v. Jones</u>, 451 F. Supp. 2d 71, 75 (D.D.C. 2006) (text messages); <u>United States v. Reyes</u>, 922 F. Supp. 818, 836-37 (S.D.N.Y. 1996) (pager communications). However, in the context of *intercepts*, to adopt these cases would be to read into the Wiretap Act's definition of "electronic

2

Case 2:10-cr-00205-UA   Document 25-3   Filed 07/19/10   Page 5 of 8   Page ID #:10696

communications" an exclusion which the language and the legislative history do no support.  Moreover, it would deny emails a protection to which they should be entitled.

The better understanding of what constitutes interception of electronic communications is found in <u>United States v. Councilman</u>, 418 F.3d 67, 72-73 (1st Cir. 2005), which concluded that the term "electronic communication" includes transient electronic storage that is intrinsic to the communication process for such communications.

A.   The Statutory Definition

Nothing in the statute requires contemporary interception. 18 U.S.C. § 2510.  "Intercept" is defined as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4).  No mention of "electronic storage" occurs there. Similarly, "electronic communication" is defined as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce . . ." 18 U.S.C. § 2510(12).  No mention of "electronic storage" occurs there, either. The definition of "electronic communication" has four exceptions[1], three of which do not

---

[1]     Those exceptions are "(A) any wire or oral communication; (B) any communication made through a tone-only paging device; (C) any communication from a tracking device (as defined in section 3117 of this title [18]; or (D) electronic funds transfer information stored by a financial institution for the electronic

3

EXHIBIT B

Case 2:10-cr-00205-UA   Document 975-3   Filed 02/08/19   Page 5 of 9   Page ID #:10697

mention "electronic storage" at all, the fourth of which mentions "electronic storage" only with respect to the electronic storage of *funds*, not communications. 18 U.S.C. § 2510(12)(A)-(D). That fourth exception indisputably has no application here, and at best would be superfluous if the definition of "electronic communication" excluded communications in electronic storage.

Congress's failure to include an exception for electronic storage of electronic communications among the four specific exceptions (one of which refers to electronic storage of funds, not communications) written in the statute strongly indicates that Congress intended electronic communications in electronic storage to be covered by the Act. See <u>United States v. Councilman</u>, 418 F.3d 67, 75-76 (1st Cir. 2005) (en banc) (drawing the "compelling" inference that had Congress meant to exclude electronic communications in electronic storage, Congress would have included that exception along with the other specifically enumerated exceptions in the statute). See also <u>TRW, Inc. v. Andrews</u>, 534 U.S. 19, 28 (2001) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent.") (quotation marks and citation omitted).

Finally, Congress's intent that electronic communications be deemed electronic communications whether in electronic storage or not is made clear by Congress's definition of "electronic

---

storage and transfer of funds." 18 U.S.C. § 2510(12)(A)-(D).

# EXHIBIT B

storage." "Electronic storage" is defined as "(A) any temporary, intermediate storage *of a wire or electronic communication* incidental to the electronic transmission thereof; and (B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication." 18 U.S.C. § 2510(17) (emphasis added). By saying that electronic storage consists of storing an electronic communication, Congress clearly intended that "electronic communication" and "electronic storage" would not be mutually exclusive. If electronic communications in electronic storage did not count as "electronic communications," the definition of "electronic storage" would be nonsensical because an electronic communication would cease to be an electronic communication once it entered electronic storage. See <u>Councilman</u>, 418 F.3d at 78 ("Indeed, we doubt that Congress contemplated the existential oddity that [the defendant]'s interpretation creates: messages -- conceded by stipulation to be electronic communications -- briefly cease to be electronic communications for very short intervals, and then suddenly become electronic communications again.").

B.   <u>Legislative History</u>

Furthermore, Congress intended the Wiretap Act to protect electronic mail. The legislative history is explicit:

> As a general rule, a communication is an electronic communication protected by the federal wiretap law if it is not carried by sound waves and cannot fairly be characterized as containing the human voice. Communications consisting solely of data, for example, and all communications transmitted only by radio are electronic communications. This term also includes electronic mail, digitized transmissions, and video teleconferences.

5

# EXHIBIT B

Case 2:10-cr-00205-JA   Document 975-3   Filed 02/08/19   Page 7 of 9   Page ID #:10699

S. Rep. No. 99-541 at 14, reprinted at 1986 U.S.C.C.A.N. 3555, 3568.  See also Councilman, 418 F.3d at 77 (interpreting legislative history to mean that Congress incorporated electronic communications into the Wiretap Act to reject the view that email should receive less protection than first-class mail).  Thus, the Congressional intent is also clear; Congress intended the Wiretap Act to protect e-mail.

C.    Recent Case law

The trend in intercept cases has been away from requiring strict contemporaneity when dealing with email.  For example, the First Circuit has suggested that the contemporaneity requirement, which was developed during the era of telephone wiretaps, "may not be apt to address issues involving the application of the Wiretap Act to electronic communications." Councilman, 418 F.3d at 79-80 (1st Cir. 2005)(citing In re Pharmatrak, Inc. Privacy Litigation, 329 F.3d 9, 21 (1st Cir. 2003)); see also Potter v. Havlicek, 2007 WL 539534, at *6-7 (S.D. Ohio Feb. 14, 2007) (finding "substantial likelihood" that the Sixth Circuit will find the contemporaneity requirement does not apply to electronic communications).  Finally, it makes little sense for Congress to decree that messages, which clearly constitute electronic communications" under Section 2510(12), cease to be electronic communications for short intervals while in storage.  See United States v. Szymuskiewicz, 2009 WL 1873657, *12 and footnote 8 (E.D. Wis)(citing the amicus brief of Senator Leahy, the original sponsor of the Electronic Communications Privacy Act of 1986, stating that the storage test is inconsistent with the

EXHIBIT B

legislative history and would render the Wiretap Act a dead letter as applied to e-mail). Thus, the approach in Bunnell v. Motion Picture Ass'n of America, 567 F. Supp 2d 1148 (C.D. Cal 2007) and its extreme definitions of "storage" makes it virtually impossible to prosecute the interception of email or to provide safeguards to the interception of emails. See also Szymuskiewicz, 2009 WL 1873657, *8.

Exactly how close in time an acquisition must be to a transmission remains an open question. The Eleventh Circuit suggested that "contemporaneous" must equate with a communication "in flight." United States v. Steiger, 318 F.3d 1039, 1050 (11th Cir. 2003). By contrast, the First Circuit held the contemporaneity requirement could be read simply to exclude acquisitions "made a substantial amount of time after material was put into electronic storage." In re Pharmatrak, Inc. Privacy Litigation, 329 F.3d 9, 21 (1st Cir. 2003).

In this case, the technical support personnel at the Drug Enforcement Administration have informed the government that the time would be less than a minute and mostly contemporaneous with the email being sent to the storage. This is the manner that DEA intercepts Google and other emails.

The 2nd circuit seems to have gone so far as to say that prior rulings on contemporaneity may not be relevant where the collection of the information occurs on an ongoing basis. Hall v. EarthLink Network, Inc., 396 F.3d 500, 503 n.1 (2d Cir. 2005) ("EarthLink also contends that an 'interception' can only occur when messages are in transit. These arguments lack merit

EXHIBIT B

because, unlike the line of cases EarthLink relies on, this case involves the continued receipt of e-mail messages rather than the acquisition of previously stored electronic communication.")

III. CONCLUSION

For all the foregoing reasons, the government respectfully request that the Court approve the government's intercept request.

_____/s/_____

LIZABETH A. RHODES
Assistant United States Attorney

EXHIBIT B