Richard W. Raynor (SBN 162289)
LAW OFFICE OF RICHARD W. RAYNOR
407 N. Pacific Coast Highway, Suite 280
Redondo Beach, California 90277
Tel.: (424)257-0284
Fax: (424)258-9462
e-mail: richard@richardraynor.com
Attorney for Defendant
Jesus Esteban Felix, Jr.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| United States of America, | Case No. 2:12-cr-00527-GW-3 |
|---|---|
| Plaintiff, | |
| vs. | MOTION IN LIMINE TO ADMIT STATEMENTS IN PLEADINGS FILED IN THIS CASE BY THE USAO, AND SWORN AFFIDAVITS BY AGENTS PRESENTED TO THIS COURT RELATED TO THIS CASE AS NON HEARSAY STATEMENTS OF A PARTY OPPONENT |
| Jesus Esteban Felix, Jr., | |
| Defendant. | |
| | Trial Date:      September 9, 2025 |
| | Hearing Date:  August 28, 2025 |
| | Hearing Time: 8:00 am |
| | Courtroom:     9D |

Defendant, Jesus Esteban Felix, Jr., through counsel, hereby moves in-limine for an order admitting into evidence statements of the United States Attorney's Office ("USAO") for the Central District of California presented in pleadings filed in this Court, and sworn statements presented to this Court by agents, because such items are statements of a party opponent when offered by defendant, and therefore admissible as non hearsay pursuant to Federal Rule of Evidence, Rule 801(d)(2). This motion in limine is based upon the attached

MOTION IN LIMINE TO ADMIT USAO STATEMENTS IN FILINGS
AND SWORN AGENT STATEMENTS PRESENTED TO THIS COURT

points and authorities, the files and records in this action, and such arguments and evidence as presented in the hearing on this motion..

Dated: August 8, 2025

Respectfully Submitted,

_/s/_   _Richard W. Raynor_
RICHARD W. RAYNOR
Attorney for Defendant
JESUS ESTEBAN FELIX, JR.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    INTRODUCTION:

Jesus Esteban Felix, Jr. ("Felix, Jr.") is charged the Indictment with distribution of cocaine, conspiracy to distribute cocaine, and continuing Criminal Enterprise ("CCE") also known as the "drug kingpin" statute.

The defense intends to present in evidence statements of the USOA found in its pleadings filed in this case.  Such items include statements within formal signed pleadings such as plea agreements, sentencing memoranda, and motion related memoranda.  Such items are statements of a party opponent when offered by defendant, and therefore admissible as non hearsay pursuant to Federal Rule of Evidence, Rule 801(d)(2).

The defense also intends to introduce statements presented by AUSA's and federal law enforcement agents where such statements were sworn and presented to a judicial officer, as such statements are likewise non hearsay statements of a party opponent.

II.    Legal Analysis

    A.    CERTAIN STATEMENTS BY THE USAO OR FEDERAL LAW
        ENFORCEMENT AGENTS ARE ADMISSIBLE AS NON
        HEARSAY WHEN OFFERED BY THE DEFENDANT

        1.    A Formal Signed Statement Made by a Government Attorney in a Filing
            Before a Court, Such as a Plea Agreement or Sentencing Memorandum,
            Are Non Hearsay When Offered by a Defendant

In *United States v. Mirabal*, 98 F.4th 981 (9th Cir. 2024), the Ninth Circuit found that the district erred in refusing admit, as non hearsay, a statement of fact in a plea agreement

signed and filed by the USAO which was offered by the defense on a relevant issue. The Ninth Circuit found that when the defense offers at a criminal trial "signed statements made by a government attorney in filings before a court, such as plea agreements or a sentencing memorandum," such evidence falls "within Rule 801(d)(2)'s hearsay exclusion for statements made by an opposing party." *Id* at 986.

For example, Mr. Felix Jr. will seek to introduce the following excerpts from the plea agreement of John Krokos. Document 29.

> "Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement"
>
> *Id* at p. 6
>
> "[I]n May 2011, co-conspirator Rigoberto Ortega Guzman ("Ortega") received a shipment of 44 kilograms of cocaine from the sources of supply in Mexico. Defendant [Krokos] communicated with co-conspirators via EBD about this shipment and with Ortega to coordinate the sale. On May 3, 2011, defendant [Krokos] told Ortega to get 15 kilograms of cocaine ready for delivery. Ortega later confirmed to defendant [Krokos] that Ortega had delivered the 15 kilograms of the cocaine to and had received $325,000 from a courier. Later that day, investigating agents seized the remaining 29 kilograms of cocaine."

*Id* at p. 8-9.

This statement is relevant to lay the background foundation for Mr. Ortega's attempt to steal hundreds of thousands of dollars from defendant Felix-Leon, who is the father of Felix, Jr's. This background evidence is some evidence that Mr. Ortega did not intend to enter into a criminal partnership in which drug profits would be shared, but that he instead intended to steal any money collected for himself. This would tend to show that Mr. Ortega was not a co-

conspirator.

This statement is also evidence that defendant Krokos was giving directions to Mr. Ortega about the preparation of 15 kilograms of cocaine for delivery, which is some evidence that defendant Krokos was the kingpin, rather than Felix, Jr. who was 18 years old at the time.

Another statement that Felix, Jr. seeks to admit is the USAO argument in its opposition to the motion to dismiss for outrageous government conduct, Document 1073, which states:

> "As defendant indicates, the government informant, who knew defendant's father, Felix, from when the two were in prison on drug trafficking charges, offered to connect Felix to Canadian drug customers, and acted as a go-between and translator between the persons. The Canadian traffickers, Kendall, and later, Krokos, were in Puerto Vallarta, in Jalisco State. Felix lived in Culiacan, in Sinaloa State, after completing his prison sentence and after deportation from the United States. The informant did so in 2009 while acting at the behest of United States law enforcement, and in exchange for immigration benefits and payments for expenses related to the investigation."

*Id.* at p. 9.

This statement establishes that the informant (CS-1) was a government agent when he introduced drug distributor Krokos to drug broker/supplier Felix-Leon. The statement is relevant to origin of the "enterprise" charged as a "Continuing Criminal Enterprise." Therefore this evidence is probative on the issue of the identity of the interprise, and whether the enterprise was continuing.

The government further concedes in that pleading, Document 1073, that the "that

initial brokering and introduction [of Krokos to Felix-Leon was accomplished] by the informant" *Id.* at p. 8. Again the origins of the enterprise are relevant to the identity of the enterprise, whether the enterprise was continuing, and whether Felix, Jr. meets the definition of a "kingpin" within the meaning of the "Continuing Criminal Enterprise" charge.

> 3. Statements Submitted Under Oath to a Judicial Officer, Such as Statements by a Law Enforcement Officer or an Assistant United States Attorney, Are Nonhearsay as Statements of a Party Opponent When Offered by a Defendant

In *United States v. Morgan*, 581 F.2d 933, 937 n. 10 (D.C. Cir. 1978), the Court of Appeals for the District of Columbia Circuit noted that when the government authorizes its agent to present sworn statements to a judicial officer, the statement of the agent represents the position of the government itself. And the Ninth Circuit cites to *Morgan* with approval for the proposition "that the Federal Rules clearly contemplate that the federal government is a party-opponent of the defendant in criminal cases." *Mirabal*, 98 F.4th at 586. In *Mirabal*, the Ninth Circuit reasoned that "[a]s the D.C. Circuit stated in *Morgan*, 'when the government authorizes its agent to present his sworn assurances to a judicial officer[,] the statements of fact or belief in the officer's affidavit represent the position of the government itself, not merely the views of its agent.'" *Id*, citing to *Morgan*, 581 F.2d at 937 n.10.

Mr. Felix, Jr. seeks to admit statements made by Assistant United States Attorneys and federal law enforcement agents where such statements were sworn before magistrate and District Court judges of this Court.

Here, the statements affidavits of agents sworn to magistrate judges to obtain search warrants fall into this category of statements that are non hearsay because they qualify as

statements of a party opponent when offered by a criminal defendant – here, by Mr. Felix, Jr.

Likewise, the affidavits in support of Title III wiretaps in this case submitted to the District Court are likewise statements of the government that qualify as a statement of a party opponent.

Finally, the statements of Assistant United States Attorney, sworn before a magistrate judge before submission with a request for extradition represent the position of the government, and are therefore properly considered non hearsay when offered by the a party opponent.

III.   CONCLUSION

Based upon the foregoing, defendant, Jesus Esteban Felix, Jr., respectfully requests that this Court order permit the presentation of these categories of non-hearsay.

Dated: August 8 , 2025                    Respectfully Submitted,

                              /S/   Richard W. Raynor
                              RICHARD W. RAYNOR
                              Attorney for Defendant
                              JESUS ESTEBAN FELIX, JR.

MOTION IN LIMINE TO ADMIT USAO STATEMENTS IN FILINGS
AND SWORN AGENT STATEMENTS PRESENTED TO THIS COURT