Richard W. Raynor (SBN 162289)
LAW OFFICE OF RICHARD W. RAYNOR
407 N. Pacific Coast Highway, Suite 280
Redondo Beach, California 90277
Tel.: (424)257-0284
Fax: (424)258-9462
e-mail: richard@richardraynor.com
Attorney for Defendant
Jesus Esteban Felix, Jr.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| United States of America, | Case No. 2:12-cr-00527-GW-3 |
|---|---|
| Plaintiff, | |
| vs. | MOTION IN LIMINE TO EXCLUDE EMAIL EVIDENCE FOR LACK OF FOUNDATION |
| Jesus Esteban Felix, Jr., | Trial Date:  September 9, 2025 |
| Defendant. | Hearing Date:  August 28, 2025 |
| | Hearing Time: 8:00 am |
| | Courtroom:  9D |

Defendant, Jesus Esteban Felix, Jr., through counsel, hereby moves in-limine for an order precluding the government from the presentation of email messages (which constitutes the bulk of the evidence in this case) for failure to establish foundation under Federal Rule of Evidence, Rule 901. This motion is made pursuant to Federal Rule of Evidence 104, 602, 801, 802, 901 of the Federal Rules of Evidence, the Sixth Amendment to the Constitution, the attached Memorandum of Points and Authorities, and upon such evidence as may be presented at a pre-trial hearing on the matter.

Dated: August 8, 2025       Respectfully Submitted,

   /s/  *Richard W. Raynor*
RICHARD W. RAYNOR
Attorney for Defendant
JESUS ESTEBAN FELIX, JR.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

I.    INTRODUCTION:

Jesus Esteban Felix, Jr. ("Felix, Jr.") is charged the Indictment with distribution of cocaine, conspiracy to distribute cocaine, and Continuing Criminal Enterprise ("CCE") also known as the "drug kingpin" statute.

The evidence in this case consists primarily of email correspondence alleged to have been collected by BlackBerry Devices (BBDs). The emails were obtained from CorCorp – which company set up a server to host the BBDs on behalf of the DEA. The evidence was purportedly collected from CorCorp by Search Warrant, and later through interception pursuant to Wiretap orders and facilitated by CorCorp. CorCorp is now defunct as a business and has no records.

The government has produced scanned paper copies of such records arranged as "Books" listed by the email name header on the email address. Electronic copies were not provided except for one set of electronic records recently produced which has only the records pursuant the first wiretap order.

Given that the government's case rises or falls with this email evidence, the government must first meet its obligation to establish a foundation for the evidence, with proof that the records it seeks to introduce are what they purport to be.

II.     Legal Analysis

    A.     <u>The Records, Except the Electronic Records Recently Provided as to the First Wiretap, Lack Foundation</u>

Rule of Evidence 901 provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  First, the government has to show that it in fact received the records to be introduced by either search warrant, or wiretap, or consent.  The government has provided electronic records for the first wiretap only.  But second, separate and apart from identifying the source of the source of the records and that they were reliably delivered, the government government bears the burden of showing that the emails which it attributes to Mr. Felix Jr are in fact him, and that statement of coconspirators are in fact those persons identified by the government.

Here, there is no voice to identify.  The government is not calling the informant to testify. The government does not plan to call anyone who was a party to the purported email conversations, excerpt for DEA and TFO undercovers who had contact with Krokos, I. Tomatani.  And those dealings only involved the BlackBerry phones, and not any completed drug transactions.  Here, the names for the emails changed over time.  Although, painstaking, the Court and the jury should not be asked to assume the government got it right in identifying the person sending the messages.

Other than the one electronic production, every other purported email messages is not separated out by how it was obtained, or contain a custodian declaration that pertains to each email record.  And CorCorp cannot be called about what it has produced because the

"provider" of the BlackBerry servers and the physical phones is no longer in business and has no records.

III.    CONCLUSION

Based upon the foregoing, defendant, Jesus Esteban Felix, Jr., respectfully requests that this Court order the exclusion of the email records unless the government can first establish a proper foundation for the records pursuant to Federal Rule of Evidence, Rule 901.

Dated: August 8, 2025                              Respectfully Submitted,


                                        /S/     Richard W. Raynor
                                        RICHARD W. RAYNOR
                                        Attorney for Defendant
                                        JESUS ESTEBAN FELIX, JR.