Richard W. Raynor (SBN 162289)
LAW OFFICE OF RICHARD W. RAYNOR
407 N. Pacific Coast Highway, Suite 280
Redondo Beach, California 90277
Tel.: (424)257-0284
Fax: (424)258-9462
e-mail: richard@richardraynor.com
Attorney for Defendant
Jesus Esteban Felix, Jr.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| United States of America, | Case No. 2:12-cr-00527-GW-3 |
|---|---|
| Plaintiff, | |
| vs. | OPPOSITION OF JESUS ESTEBAN FELIX JR. TO GOVERNMENT'S MOTION TO PRECLUDE HIM FROM CALLING THE INFORMANT TO TESTIFY AND THEN IMPEACHING HIM |
| Jesus Esteban Felix, Jr., | |
| Defendant. | |
| | Trial Date:    September 9, 2025 |
| | Hearing Date:  August 28, 2025 |
| | Hearing Time: 8:00 am |
| | Courtroom:    9D |

Defendant, Jesus Esteban Felix, Jr., through counsel, hereby opposes the government's motion in-limine for an order precluding the defense from calling the informant as a witness and then impeaching the informant. This opposition is based upon the 5th and 6th Amendments to the Constitution, Federal Rule of Evidence 607, and the attached Memorandum of Points and Authorities.

Dated: August 21, 2025            Respectfully Submitted,

              /s/    *Richard W. Raynor*
              RICHARD W. RAYNOR
              Attorney for Defendant
              JESUS ESTEBAN FELIX, JR.

OPPOSITION TO GOVERNMENT'S MOTION TO PRECLUDE IMPEACHMENT OF INFORMANT 1

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    INTRODUCTION:

The government moved in limine to preclude Jesus Esteban Felix, Jr. ("Felix, Jr.") from calling the informant to testify for the predominate purpose of impeaching the informant on a collateral matter.

Mr. Felix, Jr. opposes this motion to preclude in that the government's contentions are not well founded on either the law or the facts.

Most of the cases cited by the government for its proposed "predominant purpose" test (that a party cannot call a witness with the primary purpose to impeach that witness) involve cases in which the prosecutor sought to introduce otherwise inadmissible through the guise of purported impeachment.  But the government and the defense do not have equal footing as the deference in calling witnesses of the party's choosing.  The defendant has constitutional rights to present a defense and to compulsory process that requires additional deference to a defendant's choice to call a witness and to present exculpatory evidence.

Further, the authorities cited by the government in which it was not error to exclude similarly situated defense evidence are not binding on this point.

But even if the government were correct about the applicable legal principals, the facts and circumstances here are such that the informant is properly called by the defense as a witness, because Felix Jr. seeks the testimony of the informant on matters relating to the origin of the alleged "enterprise" as to the Continuing Criminal Enterprise Count and relating

OPPOSITION TO GOVERNMENT'S MOTION TO PRECLUDE IMPEACHMENT OF INFORMANT2

to an entrapment defense as to all charges.

The bottom line is that Jesus Esteban Felix, Jr. seeks to introduce testimony on issues that are material to the trial in this matter, and his constitutional rights to present a defense and to compulsory process calls for some deference to presentation to a non-frivolous defense.

II.    Legal Analysis

   A.    THE GOVERNMENT'S LEGAL AUTHORITY IS LACKING

      1.    The Authority Cited By the Government Involving Prosecutors Calling a Witness Are Distinguishable in that Defendants Have Greater Constitutional Latitude to Call and Cross Examine a Witness Called by the Defense

The government first points to a number of cases in which Courts have disapproved of prosecutors using impeachment of their own witnesses to admit otherwise inadmissible evidence.

The government cites *United States v. Gomez-Gallardo*, 915 F.2d 553, 556 (9th Cir. 1990) for the proposition that a party cannot call a witness solely for the sole purpose of impeaching the witness to admit otherwise inadmissible evidence.  There the Ninth Circuit determined that the government called a witness as a "straw man" only to knock down the position of the "straw man" rather than to make any affirmative points.

The government cites to *United States v. Johnson*, 802 F.2d 1459, 1466, (D.C. Cir. 1986) for a similar proposition, but finding that the defendant waived the error by failing to object.

OPPOSITION TO GOVERNMENT'S MOTION TO PRECLUDE IMPEACHMENT OF INFORMANT3

The government cites to *United States v. Crouch*, 731 F.2d 621, 623 (9th Cir. 1984) where it was found to be error to call a witness solely to impeach with a prior statement of the witness to the FBI where that statement to the FBI would have otherwise been inadmissible hearsay. This error was found to be harmless.

The above authority all involved the government's introduction of impeachment evidence.

2. <u>The Authority Cited Where the Defense Sought to Introduce Impeachment of its Own Witnesses are Not Binding</u>

The government cited several non-binding cases for the proposition that a defendant may not call a witness for the predominate purpose of impeaching that witness with otherwise inadmissible evidence.

The government cites to a non-binding district court case, *United States v. Libby*, 475 F. Supp. 2d 73, 80-84 (D.D.C. 2007). The government cites to an unpublished case, *United States v. Lattin* -108 F.3d 1374 (4th Cir 1997), for a similar proposition.

The government cites to *Beasley v. United States*, 218 F.2d 366 (D.C. Cir. 1954) for the proposition that the defendant could not impeach the informant whom the defense called to testify as an adverse witness. But *Beasley* was decided before Rule 607 was adopted in 1975 and amended in 2011. The Rule when first adopted stated that [t]he credibility of any witness may be attacked by any party, including the party calling the witness." Since the rule was amended in 2011, the rule states that "[a]ny party, including the party who called the witness, may attack the party's credibility." The government does not address this 1975 change in the rule. Fed. R. Evidence, Rule 607 abrogated prior practice prohibiting

OPPOSITION TO GOVERNMENT'S MOTION TO PRECLUDE IMPEACHMENT OF INFORMANT4

impeachment of one's own witness. *United States v. Dixon*, 547 F.2d 1079, 1081-82 (9th Cir. 1976).

Thus, there is no hard and fast rule that a defendant cannot impeach an informant just because the defendant calls the informant. Therefore, Mr. Felix, Jr. may seek to impeach the informant.

As discussed below, there are material issues on which the testimony supports defenses. The informant is uniquely situated to testify in support of a claim of entrapment. And as to the 848 charge (Continuing Criminal Enterprise), the informant is uniquely situated to testify about the origin of the alleged "enterprise." These material issues distinguish the facts of the instant case from the cases cited by the government.

B.     THE FACTS AND CIRCUMSTANCES FAVOR ALLOWING MR. FELIX JR. TO CALL THE INFORMANT ABOUT MATERIAL FACTS AND TO IMPEACH HIM IF NEEDED

The government is seeking to prevent its informant from being placed in front of the jury in this case. The defense knows the identity of the informant, but the government refuses to identify a location where the informant can be served with a trial subpoena, nor will the government agree to facilitate the service of the informant with a trial subpoena. But the testimony of the informant could provide evidence to support an entrapment instruction. In *Roviaro v. United States,* 353 U.S. 53 (1957) the Supreme Court stated that fairness requires that the privilege to conceal an informant's identity must yield when required by fairness, such as when the testimony of the informant might disclose an entrapment. The informant can testify about the interactions between him and Felix, Jr. (then a minor) while both were staying in the state of Sinaloa, Mexico, spending time together.

OPPOSITION TO GOVERNMENT'S MOTION TO PRECLUDE IMPEACHMENT OF INFORMANT5

Even if entrapment is not Felix, Jr.'s only defense, he may nonetheless present an entrapment claim as well. A defendant need not concede that he or she committed the crime to be entitled to an entrapment instruction. *United States v. Demma*, 523 F.2d 981, 982 (9th Cir. 1975). Only slight evidence raising the issue of entrapment is necessary for submission of the issue to the jury. *United States v. Gurolla*, 333 F.3d 944, 951 (9th Cir. 2003). The testimony of the informant is material to the presentation of an entrapment defense.

As to the Continuing Criminal Enterprise charge, the government has the burden of proving that Felix Jr. was engaged in a continuing criminal enterprise, was involved in at least three felony drug offenses, supervised at least five people, and from this enterprise Felix Jr. received substantial income or resources.

The informant, in his role as such, is the person who formed the enterprise by brokering a deal by Canadian buyers seeking cocaine with Jesus Esteban Felix-Leon (defendant's father) as a source of supply. The informant can talk about his continuing duties when still involved in the enterprise, and the duties that were taken over by Felix, Jr.

Therefore, the informant has information that is material to the presentation of an entrapment defense that relates to all charges, and to the background of the "enterprise" that suggests that Felix Jr. is not the "kingpin" that the government claims.

C.    THE CONSTITUTIONAL RIGHTS TO PRESENT A DEFENSE, TO
COMPEL THE ATTENDENCE OF WITNESSES, AND TO A FAIR TRIAL
ARE ALL PROMOTED BY DENYING THE GOVERNMENT'S MOTION

The Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense, grounded in either the 6th Amendment right to compulsory process or in

OPPOSITION TO GOVERNMENT'S MOTION TO PRECLUDE IMPEACHMENT OF INFORMANT6

the 5th Amendment right to due process. *United States v. Stever*, 603 F.3d 747, 755 (9th Cir.2010). I n *United States v. Evans*, 728 F.3d 953 (9th Cir., 2013) the Ninth Circuit reversed a conviction for exclusion of crucial evidence for violation of the defendant's constitutional right to present a defense. Therefore there is a constitutional dimension to excluding potentially probative defense evidence. This is an additional reason to deny the government's motion.

III.   CONCLUSION

Based upon the foregoing, defendant, Jesus Esteban Felix, Jr., respectfully requests that this Court deny the government's motion in limine to preclude him from calling the informant as a witness and to impeach the witness.

Dated: August 21, 2025                     Respectfully Submitted,


                                           |S|    *Richard W. Raynor*
                                           RICHARD W. RAYNOR
                                           Attorney for Defendant
                                           JESUS ESTEBAN FELIX, JR.

OPPOSITION TO GOVERNMENT'S MOTION TO PRECLUDE IMPEACHMENT OF INFORMANT7